SUPREME LIBERTY LIFE INS. CO. v. PEMELTON.—148 S. W. (2d) 1.

Middle Section. Oct. 12, 1940.

Certiorari denied by Supreme Court, January 14, 1941.

Coyness L. Ennix, of Nashville, for plaintiff in error Insurance Co.
Goodpasture & Carpenter and Jesse Lynch Lynn, all of Nashville,
for defendant in error Vergie Pemelton.

JOE C. HIGGINS, S. J. This is an action at law upon a small insurance policy. The right to recover is predicated upon the presumption that the insured was last heard from in March, 1930, and was not thereafter heard from or located, and that the conclusive inference is he died in March, 1937.

At the conclusion of the introduction of evidence, the Trial Judge of his own motion instructed the jury to return a verdict for the principal amount claimed under the policy, with interest from the date of presumed death; and likewise for the return of premiums paid on the policy after this presumptive death.

Plaintiff in error entered a motion for a new trial, in which motion it specified three grounds; the first of them being that there is no evidence to support the verdict; second, that the Court erred in directing a verdict for plaintiff; and third, that the Court erred in allowing plaintiff interest on the policy and recovery of the premiums paid since the presumed date of death.

The first assignment of error must be overruled. There is much evidence supporting the theory of the plaintiff below that the assured disappeared in March, 1930, and was soon thereafter reported dead, and had not been heard of since that death, although diligent enquiry was made of those persons and organizations that would be most likely to have some knowledge of the assured's death or whereabouts.

The beneficiary was a sister to whom he was devoted and with whom he kept up a regular correspondence until the beginning of the year 1930, when this correspondence abruptly ceased.

It was also shown that the insured had kinsmen in Detroit, the place of his last known residence, and that he visited them quite often, and not one of them had heard of him since March, 1930.

With respect to the second specification, predicated upon the action of the Trial Judge in directing a verdict, we express the opinion that when the case is viewed as a whole there was no prejudicial error committed.

That a trial judge may of his own motion direct a verdict is beyond question. It is equally well established that where there is no real dispute concerning the material facts, and when there is only one logical and legitimate inference to be drawn from the testimony submitted, it is not only well within the province of the Court to direct a verdict, but it will be the proper thing so to do. Tennessee Procedure in Law Cases, section 1380.

His Honor could have submitted the issue of life or death to the jury. It would not have been error for him so to have done, but the converse of this, that is, that it was error for him not so to do, does not necessarily follow. If the evidence viewed as a whole supports only one inference, and is so strong as to exclude any other reasonable conclusion, a directed verdict is justified.

█ It will be noted that there is no assignment of error predicated upon the admission or rejection of testimony. There is some evidence in this record that is violative of the hearsay rule, and some of it was excluded, but with respect to those portions upon which no error was assigned, the answers of the witnesses must be taken as testimony and drawn onto the scale in favor of the party introducing it.

It is forcefully argued that whether the insured was alive or dead at the expiration of seven years from the time he was last heard of or from, is wholly speculative. We hardly think so. According to the course of the affairs and events and particularly when the relations of colored people are brought into view, and particularly when it is remembered that they are a communicative race and have as deep-seated affections as any other race, it may be said as a moral certainty that the insured in this case lost his life or else he would have been heard from, or would have kept in communication with his relatives and friends, and would have in some way gotten in connection with them had he survived. ·

█ The power of the trial judge to direct a verdict in favor of a plaintiff is well recognized. See Copper Co. v. Simpson, 6 Tenn. Civ. App. (6 Higgins), 536; King v. Cox, 126 Tenn., 553, 151 S. W., 58; 64 C. J., p. 339.

██ Recurring to the assignments in which complaint is made that the Court directed the jury to allow interest upon the amount of the policy from the date of the presumed death of the insured, and also directed a recovery of the premiums paid between the date of presumed death and the bringing of this action, our response in brief is that there was no error in either of these instructions. It must be noted that there is no criticism of the amount of the interest allowed, nor any complaint of the computed sum claimed to have been paid by way of premiums. It is well established in this jurisdiction that interest on a life insurance policy is collectable as a matter of law, the computation to begin from the date when the policy becomes payable. Temples v. Prudential Insurance Co. of America, 18 Tenn. App., 506, 79 S. W. (2d), 608; Stokes v. Stokes, 19 Tenn. App., 504, 90 S. W. (2d), 543; Dushan v. Metropolitan Life Insurance Co., 14 Tenn. App., 422. See also the last case cited for authorization of the awarding of recovery of premiums paid after an insured has been shown to have died.

█ It is learnedly insisted that no right of action accrued to the beneficiary because she did not furnish the Company with proofs of loss. The contention is made that until this shall have been done the policy does not mature, or at least that no right of action has accrued. It is further insisted that the furnishing of proofs of loss is a condition precedent to a recovery thereon.

580

A sufficing answer is that when the beneficiary gave notice of her claim she was supplied with forms on which she undertook to give and did supply plaintiff in error with all the facts within her knowledge.

 In the next place the furnishing of proofs of loss is not a condition precedent to the bringing of an action where notice of the claim has been given, unless the policy expressly so provides.

There is no reversible error in this record. The judgment of the lower Court is affirmed, to which will be added interest on the debt from the date of rendition of judgment in the lower Court. Plaintiff in error is taxed with the costs and the amount of this judgment, all of which will be entered against plaintiff in error and the surety on its appeal bond.

Crownover and Felts, JJ., concur.