## CAMPBELL et al. v. CAMPBELL et ux.—
## 199 S. W. (2d) 931.

Middle Section.    October 26, 1946.

Petition for Certiorari denied by Supreme Court, January 11, 1947.

652

Jeff D. Fults, of Tracy City, for plaintiffs in error.

W. C. Abernathy, of Tracy City, for defendants in error.

HICKERSON, J. Johnnie Campbell and wife, Lucille Campbell, brought this suit against James Campbell,

Frank Campbell, and Fanny Moffitt to recover damages to realty. The theory of plaintiff's case was that they owned the surface of one acre of land in Grundy County, Tennessee. Fanny Moffitt owned the coal under the land. All defendants joined in mining the° coal and in doing so caused the surface of plaintiff's land to subside to their damage.

Defendants pleaded the general issue, and also, set up as a defense, "That Fanny Moffitt is the owner of the mineral interests in the land described in the declaration and that James Campbell is her lessee, and that Frank Campbell is an employee of James Campbell, and the plaintiffs were aware of the fact when they built upon said land that the underlying coal was reserved and that the owner or owners thereof had the right to mine the same, and the plaintiffs assumed the risk when they built upon said land."

Upon these issues the case was tried by judge and jury. A verdict for plaintiffs against all defendants was rendered, fixing the damages at $250; and judgment was entered. From that judgment defendants appealed in error to this court.

■ We are governed by the rule that where a trial judge approves a verdict of a jury and enters judgment thereon, this court does not consider the question of the preponderance of the evidence, but only whether there is any material evidence to sustain the verdict and judgment of the trial court. Kurn v. Weaver, 25 Tenn. App. 556, 161 S. W. (2d) 1005.

■ This rule applies with respect to every material issue in the case. All reasonable inferences must be resolved in favor of the verdict which was approved by the trial judge, Anderson v. Carter, 22 Tenn. App. 118, 118 S. W. (2d) 891, 892; and all countervailing must be

discarded, Davis v. Mitchell, 27 Tenn. App. 182, 178 S. W. (2d) 889.

(1) Was the right of action for injury to the surface of this land waived by the reservations in the deed from James H. Northcutt to Mrs. Kate Campbell, this deed being a link in plaintiffs' title?

This deed provides: "This conveys the surface only and the mineral of all kinds being reserved with sufficient privilege to operate and market the same, and I have a good right to convey the same and warrant and defend the title against all persons."

The general rule is stated in 36 Am. Jur., 405-407, Mines and Minerals, Section 184, to be that the owner of the surface is entitled to subjacent support where the underlying minerals and the surface have been severed; unless the right to such support has been waived or relinquished by the surface owner.

36 Am. Jur. 408, 409, Mines and Minerals, section 187, provides: "The owner of the surface may waive or part with his right to surface support, as where he grants the mineral estate and by apt words in the deed parts with or releases his right to such support. The waiver of surface support may be inferred from the terms of the grant or reservation of the minerals, as where it contains an agreement to pay for damages to the surface. However, such a conveyance or waiver should not be implied unless the language of the instrument of conveyance is appropriate therefor and clearly indicates such to be the intention of the parties, and where minerals are granted or reserved in the most general terms, still a reasonble support must be left for the surface, and there is in every such case a prima facie inference that the grant or reservation is made in such a

manner as is consistent with the retention of this right. According to the majority view, a grant of 'all' the coal under certain described land, together with the right to mine and remove it, is not in itself sufficient to waive the grantor's right of subjacent support.''

■ Of necessity, each case must be governed by the particular facts. It is our opinion that the trial judge correctly construed this deed. We cannot say that it clearly appears from this deed that the grantor reserved the right to destroy the surface in the mining of the coal.

(2) Was material evidence introduced to support the finding of the jury that the proximate cause of the subsidence of the surface was the work which defendants did?

■ If the mining operations of defendants caused the surface of the land of plaintiffs to sink, defendants are liable for the damage caused thereby, notwithstanding the main body of coal had been removed twenty years ago by third persons. Noonan v. Pardee, 200 Pa. 474, 50 A. 255, 55 L. R. A. 410, 86 Am. St. Rep. 722.

■ Possibility that some other cause might have produced the injury does not defeat recovery where jurors, being men of reasonable minds, would be justified, from all the evidence, in reaching the conclusion that the breach of duty charged in the declaration was the prime cause of the injury. Standard Oil Co. v. Roach, 19 Tenn. App. 661, 94 S. W. (2d) 63.

■ Ordinarily the issue of proximate cause presents a question for the jury. Western Union Telegraph Co. v. Dickson, 27 Tenn. App. 752, 173 S. W. (2d) 714; Tri-State Transit Co. of Louisiana, Inc., v. Duffey, 27 Tenn. App. 731, 173 S. W. (2d) 706.

■ The proof shows that a large amount of the coal under this surface had been removed about twenty years ago. The surface had remained, after this first mining operation with no damage thereto. Supports were left, after the first operations, that were so solid they had to be blasted out. The subsidence occurred shortly after the mining operations of defendants. There was evidence to go to the jury on the question of proximate cause.

(3) Did Johnnie Campbell assist in doing the work which caused the injury to the surface?

Defendants contend he did, and that he cannot recover for that reason. It is the substance of this complaint that Johnnie Campbell was guilty of contributory negligence which barred his recovery.

■ ■ The question of contributory negligence should be submitted to the jury if the minds of reasonable men might differ on the issue. Hines v. Partridge, 144 Tenn. 219, 231 S. W. 16.

Johnnie Campbell testified he helped Frank Campbell and James Campbell do this mining work until they began to reach his land, and he then refused to work further. He told Frank Campbell that the surface of his land would be injured if they worked where they did. The testimony made an issue for the jury on the question of contributory negligence.

(4) Was Frank Campbell, who was employed as a laborer by James Campbell, liable to plaintiffs for the injury to the surface?

■ All of the defendants owed plaintiffs the duty not to injure the surface of plaintiffs' land. The master and the servant are jointly and severally liable in damages where they jointly breach some duty which they owe a third person and damages result therefrom. Tele-

phone & Telegraph Co. v. Stoneking, 1 Tenn. Civ. App. 241, 1 Higgins 241.

There is evidence in the record that Frank Campbell and James Campbell, working together, removed the supports which caused the cave-in on plaintiffs' land. From this evidence the jury could determine they were both liable to plaintiffs for the damage done.

(5) Did the jurors give the case proper consideration?

Defendants say they did not, because they did not take sufficient time to consider the case. Whether the jury considered the case ten hours or ten minutes could have no bearing upon a review of the case in this court. The strength and correctness of their conclusions could not be measured by the length of their deliberations, as we see it.

(6) Was the injury to the well a proper element of damages to plaintiffs?

Defendants say it was not. Injury to the well was alleged in the declaration as an element of damage. The nature and extent of the injury to the well were proved without objection. No error based on the charge of the court in regard thereto is assigned. We do not know what the court charged because the charge is not in the record. We must conclusively presume that he correctly charged the law of the case.

(7) Was the verdict excessive?

The amount of damages is primarily a question for the jury, and their verdict, approved by the trial judge, is entitled to great weight in this court, if there is no claim of corruption or dishonesty. Phillips v. Newport, 28 Tenn. App. 187, 187 S. W. (2d) 965.

There is abundant evidence to support the amount of the verdict of the jury in this case.

All issues, except the construction of the deed, clearly presented jury questions; and the jury decided them against defendants. The approval of the verdict by the trial judge finally settled these questions of fact.

The assignments of error are overruled and the judgment of the circuit court is affirmed with costs.

Felts and Howell, JJ., concur.