STATE OF MISSOURI, at the relation of GUY A. THOMPSON, Trustee for the MISSOURI PACIFIC RAILROAD COMPANY, a Corporation, Petitioner, v. NICK T. CAVE, SAMUEL A. DEW and EWING C. BLAND, Judges of the Kansas City Court of Appeals, and BETTY JONES (COOPER), a minor, by W. A. JONES, her next friend, Respondents. —No. 40889.—215 S. W. (2d) 435.

Court en Banc, December 13, 1948.

*Thomas J. Cole, D. C. Chastain, H. E. Sheppard, Ludwick Graves, Keith P. Bondurant* and *William A. Betz* for petitioner.

416

*Robert E. Coleberd* for respondents; *Crouch, Crouch & Kimberlin, Lawson, Hale & Coleberd* and *Tucker, Murphy & Wilson* of counsel.

[436] CLARK, J.—In the circuit court of Cass County, Betty Jones, a minor, by her next friend, sued Guy A. Thompson, trustee

in bankruptcy for Missouri Pacific Railroad Company, for damages received by plaintiff when an automobile in which she was riding as a guest struck a freight car standing on and across a public road crossing. Plaintiff recovered a verdict and judgment for $4,000.00 which on appeal was affirmed by the Kansas City Court of Appeals. [Jones v. Thompson, (Mo. App.) 207 S. W. (2d) 517.] We have caused the case to be transferred to this court and will decide it on the merits as if it had originally come here by appeal from the circuit court. [Mo. Const., Art. V, Sec. 10.]

Plaintiff lived with her parents in Jackson County on a farm located on Bowler road. This road, an oiled surfaced county road, runs east and west and crosses the railroad about three-fourths of a mile east of plaintiff's home. From a point about 1200 feet west of the railroad crossing the county road slopes downward to a point about 12 feet west of the crossing, then slightly upward to the crossing, downward for a short distance east of the crossing and then upward to the east. On the night of the collision one Cooper, whom plaintiff afterward married, called for her at her father's home. About 7:30 p. m., plaintiff, her sister Eleanor, and Cooper went for a ride in the latter's car. All rode in the front seat with Cooper driving east along Bowler road. All three were familiar with the road and the railroad crossing. The night was dark, but the evidence does not show any unusual weather conditions such as rain, mist or fog. Cooper testified that the lights from his car shone at least 75 feet to the front and from side to side of the road. On cross-examination he estimated that the lights cast a beam about 150 feet to the front. He said he stopped his car about 30 feet from the crossing, from which point he could see the rails and the road east of the crossing, but could see no obstruction on the crossing and saw or heard no warning signals. He then shifted gears and drove on, striking the side of a freight boxcar attached to one of defendant's trains. The freight car was about 45 feet long and was squarely across the road. The radiator of Cooper's car was wedged under the freight car almost back to the windshield. Plaintiff was rendered unconscious by the collision and remembered little about it. Her sister corroborated Cooper's testimony. There was testimony that defendant's roadbed was two feet higher than Bowler road at a point 12 feet west of the crossing and that the distance from the railroad track to the bottom of an ordinary boxcar is about four feet. The evidence does not show the length of time defendant's train had stood motionless upon the crossing.

The decisive question here is: do the facts above recited convict defendant of negligence?

In this jurisdiction it is established law that a railroad is not guilty of negligence in blocking a public road crossing without pro-

viding warnings or signals, unless there are special circumstances. which make the crossing peculiarly hazardous, and the burden is on one seeking damages to prove such special circumstances. [Dimond v. Terminal R. R. Ass'n., 346 Mo. 333, 141 S. W. (2d) 789; Zickefoose v. Thompson, 347 Mo. 579, 148 S. W. (2d) 784; Fitzpatrick v. Railway, 347 Mo. 57, 146 S. W. (2d) 560.]

[437] Plaintiff, respondent here, recognizes the general rule as above stated, but attempts to distinguish the cases mentioned on the ground that in each of them the plaintiff was the driver of an automobile and not a guest passenger. That would be an important distinction if we were considering a question of contributory negligence on the part of plaintiff, but, if defendant was guilty of no negligence, plaintiff cannot recover even though she was a guest.

Plaintiff attempts to bring her case within the exception to the general rule by claiming that special circumstances existed at the crossing which made it the duty of defendant railway to provide some sort of warning to persons traveling on the public road. The special circumstances claimed by plaintiff are: that the downward slope of the public road toward the crossing would naturally cause the lights of an automobile to be deflected downward beneath a freight car upon the crossing; and that the dark color of the road surface and the dark color of the freight car would make it difficult to discover the obstruction. Plaintiff relies upon the case of Carson v. Baldwin, 346 Mo. 984, 144 S. W. (2d) 134. There an automobile in which the plaintiff was riding as a guest was driven into the side of a flatcar standing motionless across a street crossing. We held that the evidence made a question for the jury as to whether special circumstances made the crossing so hazardous as to impose a duty on the defendant railway to provide some sort of warning. The facts distinguished that case from this. There the crossing was blocked by a flatcar with only the narrow edge of its platform visible to persons coming along the street; A boxcar on an adjoining track obstructed the view and visibility was reduced by a light fog or mist. In the instant case the obstruction was caused by a boxcar, with much greater lateral surface than a flatcar; the view was not obstructed by any other car, building or embankment and no unusual weather conditions affected visibility.

In Zickefoose v. Thompson, 347 Mo. 579, 148 S. W. (2d) 784, Division Two of this Court held that the fact that a road is dark or black does not create a special circumstance which renders a crossing hazardous, saying: [148 S. W. (2d) l. c. 790] "A mere showing that the road was dark or black is not enough; the same would be true of many dirt roads or oil coated concrete pavements."

Evidence for plaintiff was that Bowler road slopes downward to a point about 12 feet west of the crossing at which point the railroad

is two feet higher than Bowler road. From that point the road necessarily slopes up to the crossing. There was evidence that the bottom of the freight car was about four feet higher than the track, but it is common knowledge that the lights of an automobile are set about three feet above the ground. So, from the point 12 feet west of the crossing, with the lights of Cooper's car tilted upward, it is incredible that the car lights would shine under the freight car without also disclosing its presence on the crossing. Cooper testified that he stopped his car 30 feet from the crossing. The evidence does not disclose the relative height of the road and the railroad at that point, but there is no evidence of any marked descent of the road within 1200 feet west of the crossing. Certainly the evidence does not show that the gradual descent of the road made the crossing unusually hazardous; and, under quite similar circumstances, we have so held.

"Concerning the slope of the road and the height of the lamps on the plaintiff's car. The fact that the highway was downgrade toward the railroad crossing would, of course, make the lights pitch somewhat downward. But there is no indication or hint in the Court of Appeals opinion that there was any violent declivity or anything extraordinary about the crossing; and as a matter of common knowledge, it is incredible that any ordinary variation of the highway from the horizontal would have so changed the direction of the lights that they would not shine on a freight car twelve feet or less away." [State ex rel. v. Shain, 340 Mo. 1195, 105 S. W. (2d) l. c. 921.]

We reversed outright a judgment for a plaintiff in Fitzpatrick v. Railway, [438] 347 Mo. 57, 146 S. W. (2d) 560, where the relative height of the road and railroad was similar to that in the instant case and where the evidence was much more favorable to the plaintiff than it is in this case.

We hold that the evidence fails to show negligence on the part of defendant. Accordingly, the judgment is *reversed*. All concur.