## HALE v. RAYBURN.—264 S. W. (2d) 230.

Eastern Section.  September 11, 1953.

Petition for Certiorari denied by Supreme Court, December 11, 1953.

414

W. D. Hitch, of Athens, and Goins & Gammon, of Chattanooga, for plaintiff in error.

Wood, Dietzen & Parks, of Chattanooga, and Duggan & Washington, of Athens, for defendant in error.

HOWARD, J. Referring to the parties as they appeared below, the plaintiff, Joe B. Rayburn, defendant-in-error here, admits that the pleadings are correctly stated in the defendant's brief, as follows:

"This suit was brought in the Circuit Court of McMinn County by the plaintiff, as the father of Lilly Ruth Rayburn, age seventeen, to recover damages for her death, when she was struck, while crossing the highway, by an automobile driven by the defendant, Louie O. Hale.

"The declaration alleges that the plaintiff's daughter, Lilly Ruth Rayburn, was standing on the southeast side of Federal Highway No. 11, 'a public and much traveled arterial thoroughfare,' at a point in Bradley County, between Charleston and Cleveland, intending to cross this highway; that a lane ran off northwestwardly from the opposite side of the highway; that she was in the act of crossing the highway to enter the lane; that the defendant was operating his automobile in a southwestwardly direction on the through highway and negligently struck her, inflicting injuries from which she died.

"Several acts of negligence are charged in the declaration, of which the Circuit Judge submitted the following to the jury: (1) excessive speed; (2) failure of defendant to change his course to his left; (3) failure to observe a proper lookout; and (4) failure to have his car under proper control.

"Defendant filed a plea of the general issue."

There was a jury verdict for the plaintiff for $9,000, which the trial judge approved. The defendant filed motion for a new trial, which was overruled, and this appeal was prayed, granted and perfected.

The accident occurred on a clear day on May 24, 1952, about 3:15 p. m., approximately three miles south of Charleston, Tennessee, where the pavement of the highway was described as being 24 feet wide, with a white line in the center of the pavement. The decedent had just alighted from a north-bound automobile owned and driven by Bill Dillard, and was walking across the highway from the east to the west side when the defendant's car, which was south-bound, struck her. It was undisputed that the Dillard car from which the decedent alighted was followed by a large truck, which in turn was followed by an automobile in which were riding two Chattanooga attorneys, Keith Harber, the owner, and R. H. Baker, the driver; that when Dillard stopped for the decedent to alight, the truck and the Harber automobile likewise stopped. There were no obstructions on the left side of the highway behind the decedent that would have prevented the defendant from steering to that side, and the evidence showed that he could have seen the decedent at a considerable distance before striking her. The right front of the defendant's car struck the decedent when she had reached a point about one step from the west edge of the pavement, and she was knocked more than 100 feet south where her body fell onto the pavement. She lived only a short time thereafter. Before striking the decedent, the defendant's car skidded for several feet and thereafter went a considerable distance before stopping. No question was made below and none has been made here regarding the amount of the verdict.

It is urged here, as it was below, that by reason of the decedent's contributory negligence, which, either alone or combined and concurring with the defendant's negligence, was the proximate cause of her death, and that the

plaintiff should not be permitted to recover as a matter of law.

With reference to directing a verdict in tort actions, our Supreme Court, in Jackson v. B. Lowenstein & Bros., 175 Tenn. 535, 136 S. W. (2d) 495, has said:

"Appellate courts should not lightly assume primary duty of determining liability or nonliability in actions of tort, but should leave such duty with the jury as triers of facts, and if they act arbitrarily courts should then supervise their action."

█ Only where one conclusion can be reasonably reached from the evidence and inferences is it proper for a trial court to direct a verdict. Coca Cola Bottling Works v. Selvidge, 4 Tenn. App. 558; Supreme Liberty Life Ins. Co. v. Pemelton, 24 Tenn. App. 576, 148 S. W. (2d) 1.

█ With the foregoing rules in mind, we have carefully reviewed the record, and it is our conclusion that the case was properly submitted to the jury.

The evidence adduced by the plaintiff showed that the decedent, after alighting from the Dillard car, stood on the east shoulder of the highway for several seconds to allow the large north-bound truck and the Harber car to pass, before making an attempt to cross the highway; that before starting across and again on reaching the middle of the pavement, she looked in each direction for approaching traffic; that the defendant could have, had he been on the proper lookout ahead, first seen the decedent when she was at least 200 feet away, but made no attempt to slow down, or apply his brakes, until he was passing the Harber car, when he applied his brakes and skidded from 55 to 65 feet before striking her; that he struck decedent with such great force her body was knocked approximately 125 feet before striking the pave-

ment, and thereafter his car traveled from 400 to 500 feet before stopping. Plaintiff's witnesses estimated the speed of the defendant's car at from 75 to 80 miles per hour before the brakes were applied, and at from 50 to 55 miles per hour when the decedent was struck.

According to the defendant, he first saw the Dillard car and the truck, which were stopped on the highway, when he was 180 steps away, at which time he made no effort to check his speed, because the lane on his side of the highway was clear; that he knew there were no houses on the east side of the highway, but that there were several and also a side road on the west side. He testified that when he first saw the decedent she had just "stepped from behind the truck," was in the middle of the pavement from 75 to 90 feet away, was looking straight ahead in the direction she was going, and that he immediately applied his brakes in an effort to avoid striking her. He admitted that there was no approaching traffic at the time, and when he saw that the Dillard car and truck were stopped, "I took it for granted somebody was getting in or out of the car, so, it wasn't on my side of the road and I never paid too much mind until I was up in a hundred feet, maybe, or seventy-five, or something of the kind, where it happened."

While it is the duty of a pedestrian to exercise reasonable care for his own safety while crossing a highway, we think, under the evidence, that this was a question for the jury under proper instructions, and the jury, as triers of facts, was fully justified in finding that the defendant's negligence rather than the alleged contributory negligence of the decedent was the proximate cause of her death.

It is likewise the duty of the driver of a motor vehicle to exercise reasonable care to avoid injuring

others lawfully using the highway, and it appears to us, as it did to the jury, that the defendant was not exercising this degree of care prior to and at the time of the accident. Under the evidence the jury apparently found that the defendant was negligent in failing to keep a proper lookout ahead, that he was driving at an excessive high rate of speed, excessive under all circumstances, and that he did not have his car under proper control; that had he been exercising the proper degree of care he could have seen the decedent in time to have checked his speed and avoided striking her, or could have, had he been driving at a reasonable speed, with his car under control, safely driven to his left, behind the decedent, without damage to himself or those riding in the car with him. There was ample evidence to support these findings. Moreover, the defendant having seen the parked car and truck at a safe distance away, and knowing that the vehicles had stopped for some purpose, he should have reduced his speed and brought his car under such control as to be able to stop with a reasonable degree of quickness, under the circumstances.

Where the evidence is in conflict, or, as here, where different conclusions might reasonably be drawn therefrom, questions of negligence and contributory negligence are for the jury. McBroom v. S. E. Greyhound Lines, 29 Tenn. App. 13, 193 S. W. (2d) 92; Campbell v. Campbell, 29 Tenn. App. 651, 199 S. W. (2d) 931. Likewise, questions of ordinary care and proximate cause are for the jury. Southeastern Greyhound Lines v. Groves, 175 Tenn. 584, 136 S. W. (2d) 512, 127 A. L. R. 1378; Campbell v. Campbell, supra; Fields v. Gordon, 30 Tenn. App. 110, 203 S. W. (2d) 934.

Finally, the defendant contends that the trial court erred in charging the jury, as follows:

"The doctrine of last clear chance is a rule of law to the effect that even though the plaintiff in this case, the deceased, was negligent, yet if the defendant, after discovering her peril, or by the exercise of ordinary care should have discovered it, * * * and failed to do so, the defendant will be liable."

It is argued that the doctrine of last clear chance was inapplicable and could not be invoked until the defendant actually discovered the decedent's peril and had an opportunity thereafter to act.

██ We find no merit in this argument. The driver of an automobile is under a duty to keep a reasonably careful lookout commensurate with the dangerous character of the vehicle and the nature of the locality, and "even though the plaintiff was negligent, yet, if the defendant after discovering her peril, or by the exercise of ordinary care should have discovered it, could have avoided the consequence of such negligence by the exercise of ordinary care and failed to do so, the defendant is liable." Harbor v. Wallace, 31 Tenn. App. 1, 211 S. W. (2d) 172, 175. See also Evansville Container Corp. v. McDonald, 6 Cir., 132 F. (2d) 80; Vol. 20 Tenn. Law Review, p. 288.

It results that all assignments of error are overruled, and the judgment below will be affirmed at defendant's costs.

McAmis and Hale, JJ., concur.