# EARL SHULER v. J. W. CLABOUGH, SR.—274 S. W. (2d) 17.

Eastern Section. August 13, 1954.

Petition for Certiorari denied by Supreme Court, November 16, 1954.

334

Frank B. Bird, of Maryville, for plaintiff in error.

M. H. Gamble, Jr., of Maryville, for defendant in error.

HOWARD, J. This action for property damages grew out of an accident in which two trucks were involved, one an 8-ton truck owned and driven by the plaintiff, Earl Shuler, and the other a small pick-up truck owned and driven by the defendant, J. W. Clabough, Sr. The accident occurred on U. S. Highway No. 129, approximately 10 miles north of the City of Maryville, Tennessee, on November 24, 1952, about 12:30 P. M. Both trucks were headed south toward Maryville. The weather was clear and visibility good; however, there had been a heavy snow 3 days previously, and at the time the pavement was wet and slick. There was no ice or snow on the pavement, but there was snow on the shoulders of the highway.

The highway at the point of the accident curved slightly to the west, and vehicles traveling in a southwardly direction descended a slight grade for several hundred feet. The pavement, which was 22 feet in width, had shoulders on each side from 3½ to 4 feet wide. On the west side of the highway an embankment sloped sharply downward from 30 to 50 feet, and on the east side there was a high bank through which a private driveway about 25 feet wide had been cut. Because of a flat tire, Clabough left his truck parked in the west lane of the highway several feet north of this private driveway with the inside wheels about 18 inches from the center

line of the pavement, while he went to a telephone nearby to call for assistance. He posted no signs or signals indicating the truck was parked, and the accident occurred when the plaintiff endeavored to avoid striking it, under circumstances hereinafter appearing.

Plaintiff's declaration alleged in substance, (1) that the defendant was guilty of common law negligence in leaving the truck parked unattended and without proper warning signs on a much traveled and congested highway, and (2) that defendant was guilty of gross negligence in failing to post red flags as required by Section 2700.16, subd. C, Subsection 6 of the 1950 Code Supplement.

Defendant interposed numerous special pleas in which it was admitted that his truck became disabled and was left parked on the highway, but he averred that it was plainly visible in both directions for several hundred feet. He averred that the plaintiff had ample time and opportunity after he saw or should have seen the truck to stop safely; that plaintiff was guilty of contributory negligence in not keeping a proper lookout ahead, and in failing to have his truck under proper control; that by reason of plaintiff's contributory negligence, which proximately caused or contributed to the accident, he was not entitled to recover.

The case was tried before a jury, and at the conclusion of the plaintiff's evidence the defendant moved for a directed verdict, which the trial Court granted upon the ground that the evidence showed that the plaintiff was guilty of contributory negligence as a matter of law, in that he saw or could have seen the defendant's truck "in plenty of time and had ample opportunity to avoid a collision."

■ On the overruling of the plaintiff's motion for a new trial, this appeal in error was perfected and errors have been assigned complaining of the trial court's action in directing a verdict for the defendant. It is insisted that the action of the trial court was erroneous and that the case should have been submitted to the jury; that under the evidence adduced there were questions presented on which men of reasonable minds would form different conclusions. These questions, under our decisions, require a review of the evidence presented in its most favorable light to the plaintiff.

On the date of the accident, plaintiff was hauling 7 tons of coal from Lake City, Tennessee, to Robbinsville, North Carolina, where he was engaged in the retail coal business. The brakes on his truck were in excellent condition, and his speed was estimated at from 30 to 35 miles per hour. Plaintiff, on reaching the crest of the hill, first saw defendant's truck in the highway about 300 feet ahead. The northbound traffic was heavy, and he met several other vehicles on the downgrade. As plaintiff approached the truck he did not realize that it was parked until he was within about 40 paces of it, at which time he immediately applied his brakes in an attempt to slow his speed. On applying his brakes his truck started skidding on the wet pavement toward the steep embankment on the west side of the highway, and in an effort to regain control he immediately shifted into second gear, managing to keep on the pavement, but because of an approaching vehicle, he was unable to pull immediately to the left. However, after passing said vehicle, plaintiff cut sharply to the left to avoid striking the parked truck, and in doing this he lost control and his truck ran off the east side of the highway into the high bank near the

private driveway about 30 feet south of the parked truck. His truck, which was worth $1,600 before the accident, was completely wrecked, and thereafter he sold the wreckage for $250. The defendant returned to his truck about 30 minutes after the accident, at which time he stated that he had left his truck parked on the highway to telephone for assistance, because he did not want to ruin his tire by driving any farther, and that it was his fault. After the tire was repaired the defendant drove his truck away.

Thus it appears from the evidence that there was a prima facie case of common law negligence made out against the defendant by his act in leaving the truck parked unattended on wet pavement, on the downgrade of the hill, when he could have parked it off of the highway only 30 feet ahead. These circumstances presented a jury question as to whether or not the defendant's act was that of an ordinarily prudent person. Likewise, the defendant's failure to place red flags as required by Code Section 2700.16 of the 1950 Code Supplement was negligence per se and the jury could have found that his failure to comply with the statutory requirements constituted gross negligence, which, under our decisions, deprives a defendant, if guilty, of relying upon plaintiff's contributory negligence. Inter-City Trucking Co. v. Daniels, 181 Tenn. 126, 178 S. W. (2d) 756; Mason v. Burgess, 8 Tenn. Civ. App. 138.

In Inter-City Trucking Co. v. Daniels, supra, the Court said [181 Tenn. 126, 178 S. W. (2d) 757]:

"The driver of an approaching vehicle had a right to assume that the law was being observed and until this glaring and inescapable warning appeared might proceed on the assumption that no standing obstruc-

tion of this character was ahead. The failure to place these protective signals, under circumstances which disclose no reasonable excuse for such neglect, would seem to bring this actionable negligence per se within the definition of gross negligence, as charged in the declaration in this case, which precludes reliance upon the defensive plea of contributory negligence, relied on by the defendant.''

 The plaintiff was under a duty to use reasonable care for his own safety, but the standard of reasonable care is flexible, some occasions and circumstances requiring a higher degree than others; therefore, the question of whether the plaintiff under the circumstances then prevailing did or did not exercise the required standard of care was a question for the determination of the jury under proper instructions of the court. Moreover, where conditions are such as to mislead a person, his failure to discover danger is not generally negligence, as ''where plaintiff looks, but does not see a vehicle, or, seeing one, erroneously misjudges its speed or distance, or for some other reason does not recognize the danger, the question of his contributory negligence is generally one for the jury.'' Where the evidence is in conflict, or, as here, where different conclusions might reasonably be drawn therefrom, questions of ordinary care and proximate cause are for the jury. Southeastern Greyhound Lines v. Groves, 175 Tenn. 584, 136 S. W. (2d) 512, 127 A. L. R. 1378; Campbell v. Campbell, 29 Tenn. App. 651, 199 S. W. (2d) 931. Likewise, questions of negligence and contributory negligence are for the jury. McBroom v. Southeastern Greyhound Lines, 29 Tenn. App. 13, 193 S. W. (2d) 92; Campbell v. Campbell, supra.

In this state the recognized rule by which both trial and

appellate courts are governed in considering a motion for a directed verdict has been stated, as follows:

"That rule is based on the constitutional right of trial by jury; and it has been fashioned so as to preserve that right and at the same time to administer the common law separation of function by which the jury try the facts and the judge the law. 'There can be no constitutional exercise of the power to direct a verdict in any case in which there is a dispute as to any material evidence, or any legal doubt as to the conclusion to be drawn from the whole evidence, upon the issues to be tried.' [Citing numerous cases.]

"As said so often, this rule requires trial judges and appellate judges, in considering a motion by defendant for a directed verdict, to look to all the evidence, to take as true the evidence for plaintiff, to discard all countervailing evidence, to take the strongest legitimate view of the evidence for plaintiff, to allow all reasonable inferences from it in his favor; and if then there is any dispute as to any material determinative evidence, or any doubt as to the conclusion to be drawn from the whole evidence, the motion must be denied." Lackey v. Metropolitan Life Ins. Co., 30 Tenn. App. 390, 206 S. W. (2d) 806, 810.

■ Only where one conclusion can be reasonably reached from the evidence and inferences is it proper for a trial court to direct a verdict. Coca Cola Bottling Works v. Selvidge, 4 Tenn. App. 558; Supreme Liberty Life Ins. Co. v. Pemelton, 24 Tenn. App. 576, 148 S. W. (2d) 1.

 Applying the foregoing rules to the instant case, we think that the learned circuit judge erred in directing a verdict for the defendant, and for reasons indicated the judgment below will be reversed and the case will be remanded for a new trial. The costs incident to this appeal will be adjudged against the defendant, and the costs below will be adjudged there.

McAmis, P. J., and Hale, J., concur.