# C. E. BROWNING v. ST. JAMES HOTEL COMPANY.
## —355 S. W. (2d) 462.

Eastern Section.   October 24, 1961.

Petition for Certiorari Denied by Supreme Court, March 7, 1962.

Jack D. McKeehan, Henry T. Ogle, Knoxville, for plaintiff in error.

McAfee Lee, Knoxville, for defendant in error.

COOPER, J.  The plaintiff, C. E. Browning, brought this suit to recover damages for personal injuries sustained in a fall on premises which his employer, L. M. Berry Co., had leased from the defendant, St. James Hotel Company.  The lease agreement between the Berry Company and the defendant imposed on the defendant the contractual duty to air condition the office space leased to the Berry Company and to provide all janitorial service.  The lease further provided that the defendant had the right to enter the leased premises at any reasonable time to examine them, and to make such repairs as it was under a duty to make.  In an effort to perform its contractual duties, the defendant installed and maintained an air conditioning unit in the office space leased to the Berry Company.

In his declaration, the plaintiff alleged that the air conditioning unit installed by the defendant was defective in that it "iced up" repeatedly and leaked water onto the terrazzo office floor, creating a dangerous condition as the water was not readily apparent and made

the floor slippery; that this condition was known to the defendant and not to the plaintiff; that the plaintiff stepped into the water that had leaked from the air conditioner and fell, receiving the personal injuries about which he complains. The plaintiff charged specifically that the defendant was guilty of negligence in that (1) it failed to provide and maintain a reasonable safe place for the plaintiff, a business invitee, to transact his business; (2) it failed to keep the air conditioner in good repair; (3) it failed to properly inspect and clean the area of the floor where water accumulated from the defective air conditioner; and (4) it failed to warn the plaintiff of the recurring slippery condition of the floor.

The defendant filed a general plea of "not guilty", thereby controverting all averments of the declaration.

The case was tried before the Court and a jury. The defendant moved for a directed verdict at the close of all the proof on the ground that there was no evidence upon which the jury could return a verdict in favor of the plaintiff. The Court sustained the motion on that ground, and on the additional ground that the plaintiff was guilty of contributory negligence.

The sole issue presented by the plaintiff's appeal is whether the trial court erred in directing a verdict for the defendant.

In passing upon this issue we must remember that the case should not have been taken from the jury unless reasonable men, acting as triers of the facts, could not differ as to the conclusions or inferences to be drawn from the evidence introduced in the cause. Shuler v. Clabough, 38 Tenn. App. 333, 274 S. W. (2d)

17; Supreme Liberty Life-Insurance Company v. Pemelton, 24 Tenn. App. 576 148 S. W. (2d) 1; Coca Cola Bottling Works v. Selvidge, 4 Tenn. App. 558.

■ Looking at the evidence in the light most favorable to the plaintiff as we are required to do, we find that the plaintiff was employed by the L. M. Berry Company as an outside salesman of advertising in the "yellow pages" of the telephone directory. The outside salesmen ordinarily came to the office between 7:30 A. M. and 8:00 A. M. for sales meetings, left about 8:30 A. M. to call on prospective customers, and returned about 5:00 P. M.

The defendant installed and maintained an air conditioning unit in the office space it leased to the Berry Company, as it was required to do under the terms of the lease agreement. This unit did not operate properly in that it often "iced up" and leaked water onto the floor of the office. When this happened, the defendant would send a man to mop up the water.

On July 26, 1958, the defendant called an air conditioner repairman to inspect and attempt to repair the machine. The work on the machine was performed on July 28, 1958, when the "high pressure control" was repaired and freon gas was added. The mechanic who worked on the machine testified that the machine was "iced up" and that the "ice" would melt and overflow the drain pans when the machine was turned off.

These repairs were not effective, and the repairman was called again on August 11th and August 13th to try to correct the "icing" and leakage. On the last occasion, only two days before the plaintiff fell, the repairman warned the defendant's manager that the repairs

might not correct the difficulty and recommended that additional controls be installed in the machine to stop the "icing up" and the leakage and gave the manager an estimate of the cost of such controls. The manager was also informed by this repairman that "twenty-four hours or more" of operation would be required to determine whether the repairs of August 13th would correct the difficulty.

The defendant's desk clerk testified that the defendant "provided the janitor service and maintained the office space area for the L. M. Berry Company." For this purpose the defendant employed a Mr. Odum, deceased at the time of trial, as janitor to "clean up" this office daily. Mr. Odum was not required to report for work until 8:00 A. M., which was after the time that the outside salesmen employed by the Berry Company reported for work. The defendant also employed a night watchman, Mr. Ed Carter, who came to work about 9:00 P. M., and whose duty and practice was to turn off the air conditioner and the lights in the Berry Company office after the lessee's employees had departed.

On August 15, 1958, the plaintiff came to the office at about 7:45 A. M. as was his custom. Two or three other employees were already at work. Upon arrival the plaintiff set down at his desk and started reviewing his previous day's work. Upon finding an error in a contract, he started to the desk of his supervisor to discuss the matter. As he "rounded" the corner of a desk, his "feet flew out from under him", and he fell in a puddle of water in the aisle near the air conditioner. The plaintiff stated that he was walking in a normal manner when he fell, and that he did not see the water

on the terrazzo floor. The plaintiff further stated that he did not know of the defective air conditioner nor its predilection for depositing water on the floor. Other employees testified that they had not noticed the water prior to the time the plaintiff fell.

It is conceded that, under the terms of the lease, the defendant owed the duty to keep the premises occupied by the L. M. Barry Company in a reasonably safe condition for all persons who were lawfully on the premises. See Kendall Oil Co. v. Payne, 41 Tenn. App. 201, 293 S. W. (2d) 40.

■ While we do not say that the jury should conclude that the defendant breached this duty, we believe that it might reasonably conclude that the defendant had been put on notice that the repairs to the air conditioning unit were insufficient to correct the "icing up", and that the unit would leak water onto the office floor if the defendant's night watchman turned off the unit in the usual course of his duties; and, that under these circumstances, the defendant was negligent in continuing to use the known defective air conditioning unit, while taking no precautions to keep the floor of the office free of water, or to warn the lessee's employees of the danger from the slippery floor.

■ Further, we are of the opinion that the circumstances set out above present an issue of fact on which men of reasonable minds could differ as to whether or not the plaintiff exercised reasonable care for his own safety, thus making it a jury question. Hale v. Rayburn, 37 Tenn. App. 413, 246 S. W. (2d) 230; East Tennessee Light, etc., Co. v. Gose, 23 Tenn. App. 280, 130 S. W. (2d) 984. See also 65 C. J. S. Negligence sec.

257, pp. 1166, 1167. To hold that the plaintiff was guilty of contributory negligence as a matter of law for failing to see the water on the floor, under the circumstances set out above, would be to impose the absolute duty on every person to look to see that every step will be safe, and, as pointed out by Judge Hale in McBroom v. S. E. Greyhound Lines et al., 29 Tenn. App. 13, 193 S. W. (2d) 92, there would never be a recovery for slipping and falling.

In our judgment, the plaintiff had the right to have his cause decided by the jury. Reversed and remanded at cost of the defendant and its surety.

McAmis, P. J., and Hale, J., concur.