IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
April 3, 2001 Session

## PAULA C. BENCRISCUTTO v. LAMESIA SIMMONS

**Appeal from the Circuit Court for Davidson County**
**No. 97C-2980     Walter C. Kurtz, Judge**

## BROOKE A. LUCAS v. LAMESIA SIMMONS

**Appeal from the Circuit Court for Davidson County**
**No. 98C-2605     Walter C. Kurtz, Judge**

---

**No. M2000-01816-COA-R3-CV - Filed June 1, 2001**

---

This consolidated appeal concerns a multiple vehicle automobile collision which occurred during interstate rush hour traffic in Nashville.  Lamesia A. Simmons' vehicle came into contact with the rear portion of Paula C. Bencriscutto's vehicle during an attempted lane change.  This impact then caused the Bencriscutto vehicle to come into contact with Brooke A. Lucas' vehicle. Lawsuits were instituted in the Circuit Court of Davidson County by both Lucas and Bencriscutto against Simmons to recover damages associated with the collision.  These suits were consolidated for trial and this subsequent appeal.  At the close of the Plaintiffs' proof  the court directed a verdict in favor of the plaintiffs and against Simmons.  The issue of damages was then submitted to the jury with a verdict of $9,947.69 being returned in favor of Bencriscutto and in the amount of $5,482.50 for Lucus.  Ms. Simmons appeals insisting that the trial court erred in granting the directed verdict. We affirm the action of the trial court in directing the verdict and the damage award.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

J.S. DANIEL, SP. J., delivered the opinion of the court, in which BEN H. CANTRELL, P. J., M.S., and WILLIAM B. CAIN, J, joined.

Michael P. Mills and Ernest Sykes, Jr., Nashville, Tennessee, for the Appellant, Lamesia A. Simmons.

Philip D. Irwin, Nashville, Tennessee, for the Appellee, Paula C. Bencriscutto.
J. Mitchell Grissim, Jr., Nashville, Tennessee for the Appellee, Brooke A. Lucas.

**OPINION**

The facts as to how this multiple vehicle collision occurred are not disputed. The conclusion as to whether those facts justify the trial court in directing a verdict as to the liability of Ms. Simmons are stringently contested.

In this case the Plaintiffs established by their proof that on March 3, 1997 it had been raining and the roadways were wet. Interstate I-40 traffic was heavy at 8:00 a.m. as the height of rush hour traffic attempted to reach their downtown Nashville destinations. The location of the collision was near the Charlotte Avenue exit of I-40 east. This location is shortly after the merge of I-265 with I-40 and the traffic had been reduced to three east bound lanes. The traffic was described as busy stop-and-go rush hour traffic. All three of these parties were traveling in the center lane. The outside merge lane was congested to the point that traffic was barely moving. The center lane was congested but moving. The inside lane was less congested and traffic was flowing more quickly. Traffic in front of Ms. Lucus stopped suddenly, she then stopped. Ms. Bencriscutto suddenly stopped in response to the Lucus stop.

Ms. Simmons was called by the plaintiffs as an adverse party witness and testified that she did not usually drive this route at this time of the day and wasn't familiar with these traffic conditions. Ms. Simmons stated that she was attempting to switch into the left hand lane when the accident occurred. Immediately prior to the collision Ms. Simmons initiated her left turn signal light, checked her mirror and then looked over her shoulder to check the blind spot to her left. When she redirected her line of vision to her front and turned back around, the vehicles in front of her had come to a complete stop. Ms. Simmons slammed on her brakes and tried to move both to the left and right but was unable to because of traffic. Thereafter, she impacted with the Bencriscutto vehicle, whose vehicle then impacted the Lucus vehicle.

At the conclusion of the plaintiffs' proof, Ms. Simmons presented no other proof. The trial court was then presented with a motion for directed verdict which he granted. In commenting on the motion, the Court reflected that it is a misunderstanding of the law to conclude that the mere hitting of someone's vehicle from the rear would make that person guilty of fault. The court stated that such a person would not be at fault if they had no reason to anticipate the stopping of the preceding vehicle. The court then concluded that such stopping is not unanticipated in this rush hour traffic situation and that Ms. Simmons was under a duty to maintain a safe distance, which duty was breached. The court then granted the directed verdict request.

It is the position of Ms. Simmons that she was operating her vehicle at the appropriate speed of approximately 40 to 45 miles per hour and that her actions in attempting to change lanes did not breach the standard of care required of a reasonable, prudent person. She asserts that her conduct was not negligent. She insists that the issue of negligence was a jury issue and that the jury should have been allowed to consider her defense of fair distraction or unavoidable accident.

This appeal asserts that the trial judge abused his discretion in granting the directed verdict as a verdict should not be directed during or after trial except where reasonable minds

could draw but one conclusion. *Holmes v. Wilson* 551 S.W.2d 682,685 (Tenn.1977). Ms. Simmons insists that reasonable minds could conclude that she acted with due care under the attendant circumstances and that the jury should have been allowed to decide this issue. In reviewing a motion for directed verdict, the trial court must take the strongest legitimate view of the evidence in favor of the non-moving party, allowing all reasonable inferences in favor of that party, disregarding all countervailing evidence, and deny the motion where there is any doubt as to the conclusions to be drawn from the whole evidence. *Gann v. Harvester Co. of Canada, LTD,* 712 S.W.2d 100,105 (Tenn.1986).

In applying this standard to this case we are mindful that these are situations in which accidents occur without the fault of any party. In these situations, which have been called "unavoidable accidents", the circumstances of the incident lead to the conclusion that all parties were complying with their respective duties of care. Therefore, the question of whether an accident was unavoidable is properly raised as part of the inquiry into whether either party acted negligently and not as an affirmative defense. This principal is best stated in *Whitaker v. Harmon,* 879 S.W.2d 865, 870 (Tenn.App. 1994), where the Court stated, "We are aware that there are cases which recite that 'unavoidable accident' is an affirmative defense. See, i.e. *Nelson v. Simpson, 826 S.W.2d 483* (Tenn. App. 1991) Such assertions, however, are mere dicta. We believe, however, that "unavoidable accident" in its simplest terms is nothing more than a lack of negligence on the part of any party which is a proximate cause of the accident or damage. . ."

Similarly the concept of "fair distraction" envisions a driver that is diligently keeping a lookout ahead to such a degree that some activity in his or her view distracts his or her "lateral vision", *Hadley v. Morris 249 S.W.2d 295, 298, (Tenn. 1952).* Therefore, "fair distraction" is also a circumstance that the trier of fact can conclude establishes that the standard of care of the driver has been met and that no negligence has occurred.

The issue we must decide is whether these circumstances were raised such that the trial court erred in directing this verdict. Ms. Simmons' testimony indicates that, in the exercise of reasonable care, she anticipated slower traffic or traffic that was stopped in front of her on the day of this collision and for that reason she was attempting to change lanes of travel. Therefore, the stopping of the Bencriscutto and Lucas vehicles were to be anticipated. The predicate for "unavoidable accident" is the encountering of a dangerous situation which in the exercise of reasonable care the driver had no reason to expect. This essential factor is missing in the facts established by the proof. The "fair distraction" circumstance envisions a driver that is diligently keeping a lookout ahead and is distracted in seeing what is to be seen. This predicate is also missing in this proof.

The duty of a driver of an automobile is set forth in the often cited case of *Hale v. Rayburn,* 37 Tenn. App. 413, 264 S.W.2d 230, 233 (1953). It is a basic requirement of due care in the operation of an automobile that the driver keep a reasonable careful lookout for traffic, whether vehicular or pedestrian, "commensurate with the dangerous character of the vehicle and

the nature of the locality." *Hadley v. Morris*, 35 Tenn. App. 534, 249 S.W.2d. 295, 298(1951) adds to the above requirement the following language, ". . . and to see all that comes within the radius of his line of vision, both in front and to the side." The assured clear distance rule has evolved as the term which represents these legal principles. The assured clear distance rule does not apply, however, where the motorist encounters a dangerous situation which in the exercise of reasonable care he had no reason to expect. *Strickland Transp. Co. v. Douglas,* 264 S.W.2d 233,237 (Tenn. 1953). The trial court determined that Ms. Simmons was negligent in failing to keep her vehicle under control and to maintain a safe distance between her vehicle and that of others under the circumstances that existed on the day of the accident. The trial court determined from the facts that there was but one explanation for the lack of Ms. Simmons seeing the stopped traffic and that was her turning her attention from the traffic in front of her to look over her shoulder to the left to accomplish the anticipated lane change.

We conclude that the standard for granting a directed verdict was properly applied by the trial court. We conclude that reasonable minds could draw but one conclusion from this proof and that is that the direct and proximate cause of this collision was Ms. Simmons looking away from the traffic in front of her vehicle and over her shoulder to traffic in the left lane. The judgement of the trial court is affirmed.

_____
J.S. DANIEL, SPECIAL JUDGE

# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### April 3, 2001 Session

## PAULA C. BENCRISCUTTO v. LAMESIA SIMMONS

**Appeal from the Circuit Court for Davidson County**
**No. 97C-2980 Walter C. Kurtz, Judge**

## BROOKE A. LUCAS v. LAMESIA SIMMONS

**Appeal from Circuit Court for Davidson County**
**No. 98C-2605 Walter C. Kurtz, Judge**

---

### No. M2000-01816-COA-R3-CV

---

### JUDGMENT

This cause came on to be heard upon the record on appeal from Davidson County Circuit Court, the briefs of the parties, and the arguments of counsel. Upon consideration of the entire record, this court finds and concludes that the trial court's judgment should be affirmed.

In accordance with the opinion filed contemporaneously with this judgment, it is, therefore, ordered, adjudged, and decreed that the trial court's judgment be and is hereby Affirmed, and that the cause be remanded to the trial court for further proceedings consistent with this court's opinion.

It is further ordered that the costs of this appeal be taxed to Lamesia Simmons, principal, and Michael Mills of Mills and Cooper, surety, for which execution may issue if necessary.