IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
August 30, 2001 Session

# MARTHA McELROY v. NORMA SHARP and VICTORIA L. SHARP

**Direct Appeal from the Circuit Court for Knox County**
**No. I-763-99     Hon. Dale C. Workman, Circuit Judge**

**FILED OCTOBER 8, 2001**

**No. E2000-02708-COA-R3-CV**

The Trial Court allocated fault between vehicle operators involved in the accident. Defendants appeal the allocation. We affirm.

**Tenn. R. App. P.3 Appeal as of Right; Judgment of the Circuit Court Affirmed.**

HERSCHEL PICKENS FRANKS, J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and D. MICHAEL SWINEY, J., joined.

Jerry M. Martin, Knoxville, Tennessee, for Appellants.

B. Chase Kibler, Knoxville, Tennessee, for Appellee.

**OPINION**

In this action arising from a motor vehicle accident, the only issue raised on appeal is whether the Trial Judge properly allocated the percentage of fault to the respective motor vehicle operators.

The parties were involved in a motor vehicle accident on January 31, 1998. Plaintiff was backing out of a private driveway onto a two lane main road, intending to travel in a westbound direction. She stopped and looked in both directions before backing out, but did not see defendants' vehicle approaching from the east. Plaintiff's vision toward the east was obstructed by a large bush. Defendant was traveling eastbound on the main road at 45 miles per hour, where the speed limit was 40 miles per hour. Sharp was looking down to insert a cassette into a tape player and did not see plaintiff's vehicle before impact. She stated to the investigating officers that she was not paying attention when the impact occurred. She did not attempt to swerve or brake prior to the impact, and neither driver's view of the other was obstructed.

Plaintiff sued for her damages and defendant counter-claimed for her damages. The Circuit Court determined that plaintiff was 45% at fault and defendants were 55% at fault for the accident, and judgment was entered for plaintiff in accordance with the formula for recovery under the comparative negligence doctrine. Defendants have appealed.

The scope of our review in non-jury cases is *de novo* with a presumption of correctness of the trial court's findings of fact, unless the evidence preponderates otherwise. *Cross v. City of Memphis*, 20 S.W.3d 642, 644 (Tenn. 2000); Tenn. R. App. P. 13(d). Generally, the determination of proximate causation is a question of fact. However, the issue may be determined by the court as a matter of law, in situations "where the facts are established by evidence free from conflict, and the inference from the facts is so certain that all reasonable men, in the exercise of free and impartial judgment, must agree upon it." *Eaton v. McLain*, 891 S.W.2d 587, 590 (Tenn. 1994). But cases are rare where comparative negligence is reviewed as a matter of law. 57B *Am.Jur.2d Negligence* §1282 (1989).

Evidence weighing against the defendant in this case was the failure of defendant operator to keep a proper lookout ahead and to see what was to be seen and take proper action. *Hogan v. Reese*, 1998 WL 430627, Tenn. Ct. App. No. 01-A-01-9801-CV-00023, July 31, 1998. Moreover, the consequences of a driver's momentary diverting attention from the road has been held to be a factor of proximate causation. *Hadley v. Morris*, 249 S.W.2d 295, 298 (Tenn. Ct. App. 1951).

On allocation of fault, the *Eaton* court outlined general principles to guide juries and trial courts:

> [T]he percentage of fault assigned to each party should be dependent upon all the circumstances of the case, including such factors as: (1) the relative closeness of the causal relationship between the conduct of the defendant and the injury to the plaintiff; (2) the reasonableness of the party's conduct in confronting a risk, such as whether the party knew of the risk, or should have known of it; (3) the extent to which the defendant failed to reasonably utilize an existing opportunity to avoid the injury to the plaintiff; (4) the existence of a sudden emergency requiring a hasty decision; (5) the significance of what the party was attempting to accomplish by the conduct, such as an attempt to save another's life; and (6) the party's particular capacities, such as age, maturity, training, education and so forth.

*Eaton*, at 892 S.W.2d at 592.

The fact that one driver has the right-of-way is not, by itself, sufficient to ground liability of the non-yielding driver as a matter of law. Right-of-way is a factor, but not the sole determinative issue of proximate cause. Each driver has a duty to exercise due care in the operation of their vehicle, and the negligence of both drivers may combine together to proximately cause an accident. *Nash-Wilson Funeral Home, Inc., v. Greer,* 417 S.W.2d 562 (Tenn. Ct. App. 1966).

Exercise of due care requires a driver to keep a reasonably careful lookout, so as to avoid collision with persons and other vehicles:

> If the party coming out of the driveway is violating the law, and the party driving the automobile along the highway is likewise violating the law, by not keeping a lookout ahead, or by not driving his car in a careful manner, . . . and both violations occur at the time of the injury, this constitutes a jury question, and not one in which the Court should direct a verdict, because even though both parties be violating the law, it is still a question for the jury to determine what the proximate cause of the collision resulting in the injury was, and the violation of which one constituted the proximate cause, . . .

> . . .

> The driver of a motor vehicle has the duty to keep a proper lookout and watch where he is driving, even though he is rightfully on the highway and has the right of way; he is bound to take notice of the road, to observe conditions along the way, and to know what is in front of him for a reasonable distance. He must look not only straight ahead, but laterally, to discover whether there is danger of collision with the side of his car. Am.Jur. 5A Section 265.

*Lowe v. Irvin*, 373 S.W.2d 623, 629, 632 (Tenn. Ct. App. 1963). Similarly, failing to keep a proper lookout and to take action to avoid the consequences of another driver's negligence, has been held to be a failure to exercise due care. *See Hale v. Rayburn*, 264 S.W.2d 230 (Tenn. Ct. App. 1953).

The trier of fact has considerable latitude in the allocation of the percentage of fault in negligence cases. *Wright v. City of Knoxville*, 898 S.W.2d 177, 181 (Tenn. 1995); *also see Griggs v. Mixon*, 1996 WL 44104, No. 02A01-9504-CV-00087 (Tenn. Ct. App. Aug. 6, 1996). In the instant case the Judge, as the trier of fact, onerated defendant with 55% of the fault for the accident. Defendant's attention was diverted by her attempt to insert a cassette tape. She admitted to the officer that she wasn't paying attention. She made no attempt to brake or swerve to avoid McElroy's vehicle. Thus, the evidence does not preponderate against the finding that despite plaintiff's negligence in failing to yield to an oncoming driver, defendants' negligence was the greater of the two. We find that the evidence does not preponderate against the Trial Judge's allocation of fault.

We affirm the Judgment of the Trial Court and remand, with the cost of the appeal assessed to the defendants, Norma and Victoria L. Sharp.

_____
HERSCHEL PICKENS FRANKS, J.

-3-