STERCHI BROS. STORES, INC., v. J. B. BIRD.

Eastern Section. October 3, 1931.

Petition for Certiorari denied by Supreme Court, January 23, 1932.

Cox, Taylor & Epps, of Johnson City, for plaintiff in error.
Carter & McKinney, of Johnson City, for defendant in error.

THOMPSON, J.  This case involves an automobile accident, and was tried in the court below by the Circuit Judge sitting without the intervention of a jury.  The Circuit Judge awarded the plaintiff below, J. B. Bird, a judgment against the defendant below, Sterchi Bros. Stores, for $400, and costs.  The defendant has appealed to this Court and has assigned errors.

The accident happened at about 11:45 o'clock on the night of July 19, 1930, on the Tennessee State Highway No. 34, between Johnson City and Greeneville, and about a mile west of Chuckey.  The highway was concrete—the concrete portion being about sixteen feet wide.

The plaintiff was driving his Dodge coupe from Greeneville to Johnson City.  After going up a slight rise the road turned sharply to the right.  When he rounded this curve he found the road about twenty-five to thirty-five feet in front of him completely obstructed by a Ford roadster which was on his side of the road and headed in the same direction that he was going, and by the defendant's large truck which was headed towards Greeneville.  Plaintiff was traveling at a speed of from twenty-five to thirty miles per hour, but after rounding the sharp curve and seeing the Ford and truck he could not stop quickly enough to avoid crashing into them.

As stated, the Ford had been travelling in the same direction that plaintiff was going.  Its lights had gotten out of fix and had gone out.  Its driver and owner, Mr. Runyon, had stopped it on his own proper side of the highway but not quite as far to his right as he could have done—there being a shoulder some three or four feet wide on that side of the road, and the right wheels of the Ford not being as far out on this shoulder as they could have been.

. The driver of the truck, which had been going in the opposite direction, had stopped the truck by the side of the Ford and had asked Runyon how far it was to the next filling station.  Runyon had told him and he had again started forward when plaintiff rounded the curve and crashed into the truck.  The truck had six lights, including its headlights, burning on it, but owing to the curve in the road and the topography of the land plaintiff could not see the lights until he had rounded the curve.  He saw the truck and Ford at the same time, and together they obstructed the road and left no room in which he could pass.  And he was too close to them to stop.  He struck the truck with the front end of his car.  The rear end then struck the Ford.

There was no shoulder on the side of the road the truck was on, and said truck driver, before stopping, had pulled to his right as far as possible.

The judgment of the trial court contained the following:

"And, upon consideration of all matters in controversy, the court is of the opinion that plaintiff has made out a clear case for a recovery

against defendant; that plaintiff's damages to his automobile were caused by the negligence of the defendant in blocking the State Highway with its truck, thereby making it impossible for plaintiff to proceed thereon, all in violation of Section Eleven of Chapter 87 of the Public Acts of Tennessee for 1929, which said negligence was the direct and proximate cause of plaintiff's automobile being damaged; that plaintiff was guilty of no negligence, was exercising ordinary care and caution in the operation of his automobile, and did every thing in his power to avoid the collision.''

We cannot agree with the trial court in this case. It seems to us that in going around the sharp curve at the speed he did, and without being able to see further than thirty-five feet ahead, the plaintiff was guilty of negligence which proximately contributed to the accident. If the road at the place of the accident had been barricaded for repairs the plaintiff would have crashed into the barricade. Or, if the truck had been travelling forward and had reached the point opposite the Ford at just the right time the plaintiff would have crashed into it. The plaintiff simply did not drive his car at such speed that he could stop within the distance he could see stationary objects ahead, and the result was that he crashed into the truck and Ford.

For the foregoing reasons the judgment of the trial court will be reversed and set aside, and the plaintiff's case will be dismissed at his cost, including the costs of the appeal to this Court.

Portrum and Snodgrass, JJ., concur.