HALFACRE *v.* HART (two cases).

(*Nashville*, December Term, 1950.)

Opinion filed June 16, 1951.

E. A. LANGFORD, of Cookeville, for plaintiff.

GOODPASTURE, CARPENTER & DALE, of Nashville, for defendants.

MR. JUSTICE TOMLINSON delivered the opinion of the Court.

E. D. Hart and his son, Roy, instituted these two suits consolidated for trial to recover for damages and injuries received in an automobile wreck in which a car driven by Halfacre was involved. At the close of plaintiff's proof the Court sustained Halfacre's motion for a directed verdict on the ground that all reasonable minds must agree that Hart and son were guilty of negligence which proximately contributed to the accident.

The Court of Appeals reversed and remanded. Its conclusion was that a jury question was presented by the evidence as to whether the Harts were guilty of that character of negligence which bars a recovery.

Halfacre has filed this petition for certiorari, thereby presenting for decision here the question as to whether the Circuit Judge or the Court of Appeals was correct.

Hart, a twenty-four year old man with considerable experience in the driving of automobiles, was driving his new car on a black top road, 18 to 20 feet wide. He was driving it down hill on the inside of the curve so sharp as to limit his vision of the highway in front to a

distance of from 60 to 70 feet. His speed was between 45 and 50 miles per hour.

While so driving under the conditions above related there appeared 60 or 70 feet in front of him the approaching automobile of petitioner, Halfacre. Halfacre's car was from 1½ feet to 2 feet to its left of the center line of the highway.

Young Hart, finding himself in the situation just mentioned, guided his car to his right without undertaking to apply the brakes. He thereby entered upon the soft shoulder of the highway on his right, skidded some 25 or 30 feet back across the highway and over a steep bank. The result was the damages and injuries for which this suit was brought. During this transaction the two automobiles did not come in contact.

Of course, the single issue is whether the only reasonable conclusion which may be reached from the evidence is whether the conduct of Hart in driving his car around this sharp curve at the speed mentioned with such limited vision ahead constituted negligence which proximately contributed to the accident.

Halfacre relies very strongly on the Court of Appeals opinion in *Sterchi Bros. Stores, Inc.* v. *Bird*, 15 Tenn. App. 240. Certiorari was denied in that case. The Court of Appeals did not consider that case controlling.

In the Sterchi Bros. case the plaintiff was driving around a curve so sharp that he was not able to see more than 30 feet ahead. His car was being driven at a speed of between 25 and 30 miles per hour. Suddenly there appeared from 25 to 30 feet ahead, and on his side of the highway, a parked truck headed in the same direction in which he, the plaintiff, was traveling. The other side of the road was blocked by a truck which was headed in the opposite direction. A wreck ensued. It was there

held that plaintiff was guilty, as a matter of law, of negligence which proximately contributed to the accident in traveling at a speed of from 25 to 30 miles per hour around a curve so sharp that his vision ahead was limited to a distance of from 25 to 30 feet.

Any distinction between the case at bar and the Sterchi Bros. case seems to be a distinction without any practical difference. In each case plaintiff was driving around a sharp curve at such a rate of speed as to be unable to stop within the distance of his vision. The result was that each was unable to avoid the accident when an obstacle ahead appeared within that range on the plaintiff's side of the highway.

It follows that either the Circuit Judge was correct in directing a verdict or the rule applied in the Sterchi Bros. case has been modified so as to make the issue involved here a question of fact for jury decision.

The rule applied in the Sterchi Bros. case was the "assured clear distance" rule, whereby a motorist is required to maintain a speed sufficiently slow to enable him to stop within the distance in which he can see an obstruction in the highway ahead. That rule was in force in this State at the time of the decision of the Sterchi Bros. case in January, 1932.

About twenty-one months after the decision in the Sterchi Bros. case this Court announced its opinion in *Main St. Transfer and Storage Company* v. *Smith,* 166 Tenn. 482, 63 S. W. (2d) 665, 668. In that case this Court took judicial knowledge of the generally known fact that motorists generally drive their automobiles at a high rate of speed along highways and that such highways are being built to accommodate vehicles traveling at such a speed. The opinion then took notice of the fact that motorists have a right to assume that others

who are using the highway will obey the law. It was, therefore, concluded that the Court could not "now say with confidence, as a matter of law, that a person of ordinary prudence and caution would have reduced his speed below the rate of 25 miles an hour on approaching the crest of a grade, under the conditions in which petitioners were placed, because the surface of the pavement could not be seen beyond the crest. They had the legal right to expect that an obstruction just beyond the crest would be evidenced by a warning light, and whether they were proceeding negligently was at least a question of fact for the jury."

It has been considered by the profession generally that *Main St. Transfer and Storage Company* v. *Smith* modified the assured clear distance rule to the extent that it is no longer true that it is negligence as a matter of law to drive an automobile at such a speed as to be unable to stop within the distance which is measured by the driver's range of vision. Any other interpretation of *Main St. Transfer and Storage Co.* v. *Smith* seems illogical and unconvincing when thought of in connection with the right of a motorist to assume that others on the highway will be obeying the traffic laws. This is only another way of saying that the assured clear distance rule does not apply as a matter of law where the motorist encounters a dangerous situation which in the exercise of reasonable care he had no reason to expect. It should, however, be kept in mind that this does not mean that the assured clear distance rule does not apply to obstacles which should be expected, such as, for instance, a slow horse drawn wagon or vehicle proceeding properly on the highway in the same direction as that in which the motorist is proceeding.

█ █ Hart had a right to assume that the vehicle traveling in the opposite direction would in obedience to the mandate of the law be occupying only its right side of the highway. Therefore, he may have been confronted with a danger which it cannot be said as a matter of law he had reason to expect. In this situation and under all the other conditions prevailing, it cannot be said as a matter of law that Hart was guilty of proximate contributory negligence. Thus, there was presented a jury question as to the merits of which this Court does not mean to intimate any opinion.

The petition for writ of certiorari will be denied.

All concur.