CHARLES LAKE McCRAY, WATKINS MOTOR LINES, INC., and JACK SKELTON, Plaintiffs in Error, v. RALPH H. HUGHES, Defendant in Error. —385 S.W.(2d) 124.

Middle Section. March 27, 1964.

Certiorari Denied by Supreme Court July 15, 1964.

534

Glasgow & Adams, Nashville, for plaintiff in error, Jack Skelton.

Boult, Hunt, Cummings & Conners, Nashville, for plaintiffs in error, Charles Lake McCray and Watkins Motor Lines.

Jack Norman, Nashville, for defendant in error.

HUMPHREYS, J. Ralph H. Hughes recovered a judgment for $16,500.00 against Charles Lake McCray,

Watkins Motor Lines, Inc., a corporation, and Jack Skelton, and they have appealed and assigned errors.

We have studied the record and the briefs, and considered the assignments of error and are of opinion they are not good.

Plaintiff suffered severe physical injuries when the automobile in which he was riding was run into by a truck being operated by Jack Skelton's driver, Bennie Smith, following a collision between the Jack Skelton truck and another truck being operated by and for the other defendants. For these injuries he sued defendants jointly, alleging in substance that although each defendant could see the other defendant approaching a narrow bridge which could be negotiated only with care and caution because of the size of the vehicles they were driving, each negligently drove onto the bridge at an excessive, dangerous, reckless and negligent rate of speed, as a result of which the trucks collided on the bridge. Following which the truck driven by Bennie Smith ran into plaintiff's automobile injuring him.

Plaintiff further alleged that as the two drivers of the respective motor vehicles approached the bridge, in the exercise of ordinary care and caution, they should have realized that the highway from both approaches narrowed down as it crossed the bridge, and that vehicles of the size they were driving could pass only at a slow and careful speed, but in spite of this the drivers carelessly, recklessly and negligently failed to reduce their speeds and failed to keep their respective motor vehicles under proper control and as a consequence they collided, with the result aforesaid.

Additionally, plaintiff alleged that by reason of recent construction along both approaches on the highway and

by reason of recent rains the shoulders were soft and in spite of this the respective operators drove off the edge onto the soft ground with the result they lost control of their motor vehicles.

By proper pleas issues were joined, and tried, with the result mentioned.

■ The first assignment we shall consider is one made by each defendant that a verdict should have been directed for his side. In each instance, the motion for peremptory instructions was predicated on the absence of proof of negligence.

We do not think this assignment is good on the part of either defendant because there is material, substantial evidence tending to prove the allegations of the declaration. There is evidence that Bennie Smith drove Skelton's truck onto the bridge at an excessive, dangerous rate of speed, although he knew he was driving a very large truck and flat bed trailer, knew the highway was wet from recent rains, and saw defendant McCray driving an enormous motor truck van some fifty feet long into the same bridge from the other direction, coming on at a fast and dangerous rate of speed. There is also evidence that McCray with the same opportunity to see and realize the danger, drove his truck at a speed estimated up to fifty-five miles an hour onto this bridge. And, there is evidence the trucks collided on the bridge. Of course, whether this collision was caused by the act of driving onto, and the manner and rate of speed in which the motor vehicles were driven onto, the bridge, and whether this constituted actionable negligence on the part of either one or both of them, was a question for the jury. Hall v. Nash, 184 Tenn. 312, 198 S.W.(2d) 649; Goodrich v. Morgan, 40 Tenn.App. 342, 291 S.W.(2d) 610.

■ Defendants McCray and the Motor Lines argue, in effect, that there is a fatal variance between the proof of negligence on their part and the allegations of the declaration, in that the declaration alleges that both trucks ran off of the edge of the highway, and both drivers lost control and this caused this collision, but that there is no proof to this effect with respect to McCray.

We do not think this contention is now available since it was not raised on the motion for a directed verdict or the motion for a new trial. As we have pointed out, the motion for a directed verdict was predicated upon lack of evidence of negligence, not upon a variance between the allegations and the proof. So this contention is not properly before us. Rule 11, Rules of Court of Appeals.

■ Even if we could consider this contention, it would not be good. It is the well settled rule (not passed on directly in Tennessee so far as we can find) that a variance is immaterial where the proof sustains a portion of the allegations of the pleading, if such portion amounts to a cause of action and is not misleading. With respect to this one authority says:

> "Thus, where such acts of negligence are pleaded and established by such proof as will render defendant liable, it is not a material variance that other defects or negligent acts were alleged but not proved, if such allegations could not have misled defendant." 65 C.J.S. Negligence sec. 202, p. 952.

On this subject another says:

> "Where several grounds of liability are alleged, proof of one will be sufficient to authorize a recovery. Moreover, proof of either of two charges of negligence

in the declaration is sufficient to warrant a recovery if the negligence is shown to be the proximate cause of the injury, even though the charges of negligence are joined or coupled together in a single count. The general rule is that a variance must be material and mislead a party to his prejudice." 38 Am.Jur. Negligence, sec. 285, p. 973.

■ Although there was no direct proof McCray drove any of his truck wheels onto the shoulder, only circumstantial evidence in the form of a truck tire print, there were other allegations of negligence, not misleading, and proof thereof, so there is no fatal variance.

■ Each defendant contends quite strongly the physical facts show, so far as his side is concerned, that in spite of direct evidence, it is impossible that his side could be guilty of negligence and on this account his motion for a directed verdict should have been sustained. Camurati v. Sutton, 48 Tenn.App. 54, 68, 342 S.W.(2d) 732; Gordon's Transports Inc. v. Bailey, 41 Tenn.App. 365, 294 S.W.(2d) 313, and other cases are cited as establishing the rule that physical facts control over direct testimony when it is impossible to reconcile the physical facts with the direct testimony, and that on the basis of established physical facts direct testimony may, in proper cases, be discarded.

We have no disagreement with the rule as stated in these opinions. In fact, we agree therewith. However, the rule has no application here, since the rule only applies when there can be no dispute as to the physical facts and they are such that only one set of inferences can be drawn therefrom, *and those inferences necessarily overcome entirely the direct testimony.* That is not the case here. There is considerable contradiction between the

parties as to the physical facts, and certainly different inferences could be drawn therefrom. So, a verdict could not be directed thereon.

What we have said disposes of defendant Skelton's assignments of error, also the assignments of McCray and the Motor Lines with respect to the legal sufficiency of the evidence. So we turn now to a consideration of the assignments made alone by McCray and the Motor Lines. (The assignments involve instructions to the jury and are of no particular interest, so the discussion of these is omitted).

In conclusion we feel warranted in observing that the real cause of plaintiff Hughes' injuries was the apparently wilful insistence on the part of each motor vehicle operator to race across the narrow bridge at full speed, in reckless disregard of the other, and the consequent collision between their vehicles. And, while we believe it is evident that certain of the wheels on the right side of defendant Skelton's truck went onto the shoulder of the highway immediately before the truck entered into the bridge, and on this account Skelton's driver was having difficulty controlling it, still the collision would not have occurred, and the plaintiff would not have been injured if McCray, in prudent realization of the fact he was operating a motor vehicle some fifty feet in length, loaded with 27,000 pounds of hanging beef carcasses, and weighing in all over 50,000 pounds, had not raced onto this narrow bridge at fifty miles an hour, as he states it, and at fifty-five as stated by other witnesses, but instead had exercised that caution demanded by the whole situation and condition as it appeared there before him.

So, we overrule all of the assignments of error and affirm the judgment.

Shriver and Chattin, JJ., concur.