SUE DAVIS HARVEY, Plaintiff in Error, v.
SOUTHERN RAILWAY COMPANY, Defendant
in Error.—399 S.W.(2d) 523.

Eastern Section. March 29, 1965.

Certiorari Denied by Supreme Court March 19, 1965.

306

Ivo W. Sanders, Loudon, Claude C. Chadwell and Donelson M. Leake, Knoxville, E. H. Rayson, Knoxville, Kramer, Dye, Johnson & Rayson, Knoxville, of counsel, for plaintiff in error.

Donaldson, Montgomery & Kennerly, Knoxville, for defendant in error.

McAMIS, P. J. Mrs. Sue Davis Harvey brought this action against Southern Railway Company to recover for the death of her husband, Ralph Harvey, who was struck and killed by one of defendant's trains on May 5, 1962. The declaration charges in separate counts a violation of T.C.A. sec. 65-1208, subsection (4), and common law negligence.

At the conclusion of plaintiff's proof in chief, the Court sustained defendant's motion for a directed verdict based upon an alleged fatal variance between the statement in the declaration that the deceased was walking on defendant's tracks when struck and the proof offered by plaintiff that he was sitting on the end of a cross tie with his back to the north rail. The Court upon its own motion further held that there was no proof of negligence in the operation of the train. Nothing was said either in the motion or in the remarks of the Court or counsel during the argument of the motion about the statute of limitations or about contributory negligence of the deceased.

When the question of variance was raised plaintiff's counsel offered to amend the declaration but before a formal motion could be made the Court stated that no amendment would be allowed. Plaintiff has not assigned error on this action, however, and we pass that question.

■ Counsel for defendant have moved the Court to dismiss the case on the ground that it is barred by the statute of limitations. We can not consider this question. The motion for a directed verdict was not general but was based upon the special ground of variance and the Court did not grant the motion upon the ground that the suit is barred.

"If the motion for peremptory instructions specifies the particular grounds upon which it is rested, the moving party will be confined on appeal in error or writ of error, to the grounds thus specified; but a motion couched in general terms is a sufficient predicate for an assignment of error that the trial court erred in declining to sustain the motion for peremptory instructions." History of a Lawsuit, Gilreath, Section 362. See also Morgan v. Tennessee Cent. Ry. Co., 31 Tenn.App. 409, 216 S.W.(2d) 32; Travelers Ins. Co. v. Ansley, 22 Tenn.App. 456, 124 S.W.(2d) 37.

In Friedman v. Georgia Showcase Co., 27 Tenn.App. 574, 183 S.W.(2d) 9, the trial judge granted a directed verdict on a ground not assigned. This Court said (p. 580, 183 S.W.(2d) p. 12):

"(I)f the motion was special, that is based upon specific grounds, we are limited upon appeal to the grounds assigned in the motion and such additional grounds as the court may have added upon his own motion." Citing cases.

We consider this a sound rule of practice tending to give the plaintiff an opportunity to supply proof, amend the pleadings or cure technical defects, as well as to insure that the hearing on appeal will conform to the theory on which the case was tried in the court of original jurisdiction.

■ If we are correct in holding the motion special rather than general, under the above mentioned rule of appellate practice, the question whether the decedent was guilty of such contributory negligence as would bar the present action as a matter of law is not open for our consideration. In any case, it is noted that the declaration charges gross negligence. If the evidence is sufficient to form a basis for a jury finding of such negligence the case would be one for the jury unless the deceased was himself guilty of gross negligence as a matter of law. Fontaine for Use of Traveler's Ins. Co. v. Mason Dixon Freight Lines, 49 Tenn.App. 598, 357 S.W.(2d) 631.

There remains for consideration the two questions on which the motion for directed verdict was sustained: (1) Was there a fatal variance and (2) Is there evidence which, if believed, would support a finding of negligence in the operation of the train?

As to the first question, we can not agree that the declaration must be construed as stating that the deceased was walking upon the tracks when struck. We quote the material portion of the declaration:

"Plaintiff avers that in the early afternoon of May 5, 1962, sometime around 3:00 p.m., the said Ralph Harvey, the husband of the plaintiff, had started from his home, and, according to his ordinary and usual practice, custom and habit, and that of the public generally, all of which

was and for many years had been well known to the defendant railroad company, and acquiesced in and permitted by them, the said Ralph Harvey proceeded to walk the tracts (sic) of the defendant railroad company toward Lenoir City, which was the nearest and most practicable route, and course for him to take.

"The said Ralph Harvey was upon said tracts (sic) at a point a short distance outside the southwestern city limits of said Lenoir City, Tennessee, when a train of the defendant's came long said railway tracts, (sic) traveling in a northeasternly direction, came upon Ralph Harvey, and ran over, into, against and upon said Ralph Harvey, terribly and horribly mangling and mutilating, his body, as a direct and proximate result of which the said Ralph Harvey died at the scene of the tragedy."

The first paragraph can reasonably be construed to mean that decedent in leaving his home proceeded to walk on the tracks according to the custom, known to defendant. The second paragraph above quoted relating to the exact time when he was struck is silent as to whether at that time he was standing, walking or sitting on the tracks.

■■ In determining the question of variance, at least in the absence of a motion to clarify, every reasonable presumption should be made in favor of the sufficiency of the pleadings. The common law rule that pleadings are to be construed against the pleader no longer obtains in Tennessee. See Wheeler v. City of Maryville, 29 Tenn. App. 318, 203 S.W.(2d) 924, and cases cited.

■■ But upon a distinctly different ground, with deference to the able Circuit Judge, we must hold that it was error to direct a verdict on the ground of variance.

The defendant owed the same duty to the deceased when he appeared as an obstruction on the tracks whether he was standing, sitting or walking, i. e., to sound the alarm, put down the brakes and use every possible means to prevent an accident. T.C.A. sec. 65-1208(4).

■ The rule is that where the charge in the declaration as to which a variance is claimed does not go to the defendant's alleged acts of negligence and does not, in any way, mislead the defendant, there is no fatal variance. Louisville & N. R. Co. v. Powell, 11 Tenn.App. 253; Vogue, Inc. v. Cox, 28 Tenn.App. 344, 190 S.W.(2d) 307; Broome v. Parkview, Inc., 49 Tenn.App. 725, 359 S.W. (2d) 566. And see Brown v. State, 186 Tenn. 378, 210 S.W.(2d) 670; Hindman v. State, 215 Tenn. 127, 384 S.W. (2d) 18, McCray v. Hughes, 53 Tenn.App. 533, 385 S.W. (2d) 124.

Passing to the second question, it appears the action of the trial court was based entirely on the absence of any proof of excessive speed. The other charges in the declaration of failure to give a signal warning of the approach of the train, put down the brakes and do everything possible to stop the train and prevent an accident seem to have been pretermitted.

It is true a highway patrolman, who was a witness for plaintiff, testified that when interviewed at the scene of the accident the train crew stated that they saw the deceased sitting on the tracks and that they sounded the alarm, applied the brakes and did everything possible to prevent an accident. However, other witnesses testified they were near the scene of the accident and heard no alarm until after the engine passed the point where the accident occurred. One of these witnesses testified that he heard no sound indicating the brakes were applied

although the deceased, according to the record, was visible for a distance of 600 feet from the direction the train approached.

■ A case can not be taken from the jury on directed verdict because some of the evidence offered by the plaintiff supports defendant's theory and contention where other evidence offered by the plaintiff is sufficient to support a verdict in his favor. Pearson Hardwood Flooring Co. v. Phillips, 22 Tenn.App. 206, 120 S.W.(2d) 973; Sepaugh v. Methodist Hospital, 30 Tenn.App. 25, 202 S.W.(2d) 985; City of Chattanooga v. Ballew, 49 Tenn. App. 310, 354 S.W.(2d) 806.

■ The testimony of plaintiff's witnesses that they were near the scene of the accident and heard no alarm sounded or application of brakes is sufficient to support a jury finding in plaintiff's favor on these questions. See Tennessee Cent. Ry. Co. v. Page, 153 Tenn. 84, 282 S.W. 376, where it was said:

"We concur in the conclusion of the Court of Appeals that the testimony of witnesses that they did not hear the whistle or bell as the train approached the station is not negative evidence. After stating that they were in position to hear and observe, and that they could have heard the whistle and bell had either been sounded, the witnesses testify that they heard neither whistle nor bell. They gave the reason which lies at the basis of their direct negative assertion of fact, that is, that they did not perceive the sound of the whistle or bell, that they would have done so had they sounded as the train approached the station. Their evidence was competent and probative of the fact that subsection 3, sec. 1574, Shannon's Code, was not observed. [Louisville & N.] Railroad [Co] v. Ray, 134 S.W. 858, 124 Tenn. 16, Ann.Cas.1912D, 910;

312

[C., N. O. & T. P.] Railroad [Company] v. Abbott, 5 Tenn.Civ.App. 22, and cases cited.''

For the reasons stated, the cause will be remanded for another trial. Costs of appeal are taxed to defendant Southern Railway Company.

Cooper and Parrott, JJ., concur.