Frank WILLIAMS, Plaintiff,

v.

Willard WATSON, Defendant.

Margaret WILLIAMS, Plaintiff,

v.

Willard WATSON, Defendant.

Civ. A. Nos. 1029 and 1030.

United States District Court,
E. D. Tennessee,
Winchester Division.

June 8, 1972.

**1378**

John E. McCord, of Henry, McCord, Forrester & Richardson, Tullahoma, Tenn., for plaintiffs.

H. J. Garrett, of Garrett, Shields, Rogers and Parsons, Manchester, Tenn., for defendant.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

These are diversity actions for damages for personal injuries and property damage arising from a motor vehicle collision. 28 U.S.C. § 1332(a) (1). The jury returned verdicts for each of the plaintiffs against the defendant and awarded Mr. Williams $10,000 and Mrs. Williams $25,000 in damages.* The defendant has moved seasonably for a new trial. Rule 59(b), Federal Rules of Civil Procedure.

■ There is no merit to the ground of such motion regarding the sufficiency of the evidence to support the verdicts. No motions for directed verdicts were made, so such ground is not available on this motion for a new trial. Southern Railway Company v. Miller, C.A. 6th (1960), 285 F.2d 202, 206 [2]; see also Cutter v. Cincinnati Union Terminal Co., C.A. 6th (1966), 361 F.2d 637, 638 [1].

■ The verdicts of the jury are not contrary to the preponderate weight of the evidence. It reflected that in

* By reason of prior releases given by the respective plaintiffs to other persons jointly liable for the injuries and damages to each of them, the respective awards of the jury were reduced to $6,500 for Mr. Williams and $21,500 for Mrs. Williams. Judgment was entered for the reduced amounts, respectively.

daylight hours of March 20, 1970 in a heavy (but spotty) fog, a collision occurred between the automobile driven by Mr. Paul Pogue and one driven by the defendant Mr. Willard Watson, when Mr. Watson sought to turn from the inside northbound lane of a four-lane interstate highway across the outside of such lanes to obtain fuel; that the Watson vehicle struck the Pogue vehicle just behind the door on the driver's side three or four feet over into such outside lane; that the left side and rear of the Pogue vehicle was damaged from the rear quarter-panel forward and undamaged on its front; that, after this initial collision, the front-end of the station wagon of the plaintiff Mr. Williams struck the rear-end of the Pogue vehicle; and that, after this second collision, the front-end of the vehicle of Mrs. Barbara Lay struck the right side of the Williams vehicle. The jury could have found from these facts and reasonable inferences flowing therefrom that Mr. Watson was proximately negligent in causing the resulting injuries and damages of the plaintiffs. This court is not free to reweigh this evidence and disturb the findings of the jury, because the jury might have drawn other inferences from the evidence or even because the judge might feel another result would have been more reasonable. Tennant v. Peoria & Pekin Union R. Co. (1944), 321 U.S. 29, 35, 64 S.Ct. 409, 88 L.Ed. 520, 525 (headnotes 7, 8); Trice v. Commercial Union Assurance Company, C.A. 6th (1964), 334 F.2d 673, 677 [6], certiorari denied (1965), 380 U.S. 915, 85 S.Ct. 895, 13 L.Ed.2d 801.

■ The verdicts are not excessive: Mr. Williams had special damages of $5,051.43, including $600 in lost earnings. There was expert medical opinion that he had a permanent impairment approximating 25% to his body as whole. He had a life expectancy at trial of 12.9 years. Mrs. Williams sustained a 25% hearing impairment, and it was necessary to implace a plastic eye socket un-

der her left eye. She had a life expectancy of 14.14 years at trial and senses a feeling, which she likened to one of "ice" in a cardboard box, in her left eye; a lack of feeling in her upper lip; breathing difficulties; and difficulties with smelling and chewing. There is not present any situation which would warrant interference with the jury awards. See Jenkins v. Associated Transport, Inc., C.A. 6th (1964), 330 F. 2d 706, 712 [12–13]; Collins v. Clayton & Lambert Manufacturing Co., C.A. 6th (1962), 299 F.2d 362, 365 [7, 8].

In the fourth ground of the defendant's motion, he sets forth what he claims was a special request which the Court refused. No such request was submitted, although the defendant's special request no. 4 was akin thereto. It was not timely filed, pretrial order of October 13, 1970, VIII, herein; but was considered at the completion of the Court's main instructions. It was denied at that time as proposing an incorrect statement of the law. See Fontaine v. Mason Dixon Freight Lines (1961), 49 Tenn.App. 598, 357 S.W.2d 631, 632–634 [1], certiorari denied (1962).

■ The Court did not err in excluding evidence of a statement the witness Mr. Pogue purportedly made to the defendant Mr. Watson some two minutes after the accident, relating to Mr. Pogue's opinion of the cause thereof. See Mason & Dixon Lines, Inc. v. Gregory (1960), 206 Tenn. 525, 334 S.W.2d 939, 943 [2]; Armstrong v. Bowman (1937), 21 Tenn.App. 673, 686 [19], 115 S.W.2d 229, certiorari denied (1938). A mere opinion is incompetent to form the basis of a res gestae exception to the rule excluding hearsay evidence. Field v. North Coast Transp. Co. (1931), 164 Wash. 123, 2 P.2d 672; see also Anno. —Accident—Res Gestae Utterances, 163 A.L.R. 186–189, b.

For all such reasons the motion of the defendant Mr. Watson for a new trial hereby is

Overruled.