**BEAUNIT CORPORATION,**
Plaintiff,

v.

**VOLUNTEER NATURAL GAS COMPANY, Defendant, Plaintiff-by-cross claim and Defendant-by-cross claim.**

**EAST TENNESSEE NATURAL GAS COMPANY, Defendant, Plaintiff-by-cross claim, Defendant-by-cross claim and Third-Party Plaintiff,**

v.

**ANDERSON–GREENWOOD AND COMPANY, Third-Party Defendant.**

Civ. A. No. 3095.

United States District Court,
E. D. Tennessee,
Northeastern Division.

May 28, 1975.

J. H. Doughty and John P. Davis, Jr., Knoxville, Tenn., for plaintiff.

James R. Carter, Richard Johnson, Johnson City, Tenn. and Jack M. Irion, Shelbyville, Tenn., for defendant Volunteer Natural Gas Co.

Foster D. Arnett and Jack B. Draper, Knoxville, Tenn., for East Tenn. Natural Gas Co.

N. R. Coleman, Jr., Greeneville, Tenn., for Anderson-Greenwood & Co.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

This is an action for damages arising from alleged negligence and breach of contract. 28 U.S.C. § 1332(a)(1). The defendant East Tennessee Natural Gas Company (East Tennessee) filed a third-party complaint against the third-party defendant Anderson-Greenwood and Company (Anderson) for indemnification. The latter moved *inter alia,* for a summary judgment.* Rule 56(b), Federal Rules of Civil Procedure. Anderson contends that any claim for indemnity by the third-party plaintiff East Tennessee is barred by T.C.A. § 28–305 (pertaining to a three-year limitation on property actions).

■ There is no merit to such contention. "* * * Provided there exists a right to contribution or indemnity, the applicable * * * statute of limitations * * * does not run from the date of injury but from the time the right to contribution or indemnity accrued * * *. * * * *" *United States Lines, Inc. v. United States,* C.A. 5th (1972), 470 F.2d 487, 489[2]; see also *New York Central Railroad Co. v. Colonial Stores, Inc.,* D.C. Ohio (1971), 332 F.Supp. 531, 535[4]; *Kantlehner v. United States,* D.C.N.Y. (1967), 279 F.Supp. 122, 128[5, 6]; and 3 Moore's Federal Practice, § 14.09.

■ Anderson next contends that East Tennessee's claim of indemnity must fail because there is no evidence that the failure of Anderson's valve was a proximate cause of any damage herein. Anderson asserts that the proximate cause of the damage alleged by the plaintiff Beaunit Corporation (Beaunit) was the failure of a regulator owned and operated by East Tennessee. Although it is stipulated that: "* * * After the malfunction of the equipment in said station, foreign objects were found on May 14 or 15, 1972 in the seat of the aforementioned regulating valve, and such regulating valve malfunctioned proximately because of the presence therein of such foreign debris * * * *", pretrial order herein of September 25, 1974 III(j), there remains as a contested issue of fact: "* * * Did any such negligence [by Anderson] proximately cause any damages to the third-party plaintiff East Tennessee? * * *" *Ibid.,* IV(m). It is not stipulated herein that the only proximate cause of damage to the plaintiff was the failure of East Tennessee's regulator.

■ Anderson claims also that the conduct of East Tennessee, in not equipping its pipelines with filters and thereby permitting foreign objects to become lodged in the seat of the regulator, was, as a matter of law, an independent intervening cause of the failure, which re-

---

* Such motion sought a dismissal for the failure of the third-party plaintiff to state a claim against the third-party defendant on which relief could be granted, Rule 12(b)(6), Federal Rules of Civil Procedure, or, in the alternative, for a summary judgment. Although the rationale of the grounds supporting such motion relate primarily to such alleged failure to state a relievable claim, as a matter outside the pleading was presented to and not excluded by the Court, the motion was treated as one for a summary judgment in its entirety. Rule 12(b), Federal Rules of Civil Procedure.

lieves Anderson from liability. Anderson overlooks the contested issue of fact as to Anderson's foreseeability of such alleged independent cause. " * * * The defendant, in order to be liable, must have been able to anticipate or reasonably foresee what usually will happen. * * * " *Lancaster v. Montesi* (1965), 216 Tenn. 50, 390 S.W.2d 217, 221[9].

 Anderson contends further that any claim for indemnity, based on a breach of an implied warranty, is barred by the limitation of consequential damages in the express warranty of Anderson. The warranty and limitations thereon provided in pertinent part:

&ast; &ast; &ast; &ast; &ast; &ast;

WARRANTY—AGCO warrants the goods to be delivered hereunder against defects in material and workmanship, under normal use and service, for a period of six months after date of shipment. AGCO's obligation under this warranty is limited to repairing or furnishing, without charge, F. O. B. point of manufacture, a similar part to replace any part which within six months after date of shipment is proven to have been defective . . . AGCO's liability to the purchaser, except as to title arising out of the supplying of the said equipment or its use, whether based upon warranty, contract or negligence, shall not in any case exceed the cost of correcting defects in the equipment as herein provided and upon the expiration of said six months, all such liability shall terminate. AGCO shall not in any event be held liable for any special, indirect or consequential damages.

&ast; &ast; &ast; &ast; &ast; &ast;

East Tennessee counters that such contractual language does not effectively exclude the implied warranty of merchantibility, T.C.A. § 47–2–314, or the implied warranty of fitness for a particular purpose, T.C.A. § 47–2–315. Assuming such to be true, this does not alter the fact that consequential damages flowing from any breach thereof were excluded by the aforequoted language. T.C.A. § 47–2–316 provides in pertinent part: " * * * (4) Remedies for breach of warranty can be limited in accordance with the provisions of this chapter on liquidation or limitation of damages and on contractual modification of remedy (§§ 47–2–718 and 47–2–719). * * * "

T.C.A. § 47–2–719 provides:

&ast; &ast; &ast; &ast; &ast; &ast;

(1) Subject to the provisions of subsections (2) and (3) of this section and of the proceeding section on liquidation and limitation of damages,

(a) the agreement may provide for remedies in addition to or in substitution for those provided in this chapter and may limit or alter the measure of damages recoverable under this chapter as by limiting the buyer's remedies to return of the goods and repayment of the price or to repair any replacement of non-conforming goods or parts; and

(b) resort to a remedy as provided is optional unless the remedy is expressly agreed to be exclusive, in which case it is the sole remedy.

(2) Where circumstances cause an exclusive or limited remedy to fail of its essential purpose, remedy may be had as provided in chapters 1 through 9 of this title.

(3) Consequential damages may be limited or excluded unless the limitation or exclusion is unconscionable. Limitation of consequential damages for injury to the person in the case of consumer goods is prima facie unconscionable but limitation of damages where the loss is commercial is not.

&ast; &ast; &ast; &ast; &ast; &ast;

From all of which, this Court concludes that , even if the aforementioned implied warranties exist, the damages recoverable from a breach thereof were validly limited by T.C.A. § 47–2–719.

The argument is finally advanced by Anderson that, as any negligence in the premises on the part of East Tennessee would necessarily have been active, in order for a verdict to have been returned against it herein, East Tennessee may not cast itself in the role of a merely passive tortfeasor in its third-party complaint. This assertion lacks merit.

Tennessee recognized the so-called "active/passive negligence rule" of indemnity in *Cohen v. Noel* (1933), 165 Tenn. 600, 56 S.W.2d 744, which " * * * provides that where one tortfeasor has been guilty of *affirmative or* [emphasis supplied] active negligence creating an unreasonable risk of injury, and the other tortfeasor has been found guilty only of passive negligence, the second tortfeasor, compelled to pay damages to a third person, may have indemnity of the first tortfeasor. * * * " *Union Carbide Corp. v. Dunn Bros. General Contractors, Inc.*, D.C.Tenn. (1968), 294 F. Supp. 704, 706 fn. 2, [2]. Tennessee continues to recognize that one degree of negligence may be of a higher degree than another. *Ellithorpe v. Ford Motor Company* (Tenn.1973), 503 S.W.2d 516, 522[12], citing *Fontaine v. Mason Dixon Freight Lines*, C.A.Tenn. (1961), 49 Tenn.App. 598, 357 S.W.2d 631, 635[7], certiorari denied (1962). Thus, if the negligence of East Tennessee is shown to have been a proximate cause of the damage to Beaunit's property, as a third-party plaintiff, East Tennessee may seek to show in the third-party action that its negligence was only passive, while the proximate negligence of the third-party defendant Anderson was affirmative or active.

Accordingly, the motion of the third-party defendant Anderson for a summary judgment hereby is Granted as to the claim in the third-party complaint that it breached implied warranties, and partial summary judgment upon that issue will enter for the third-party defendant Anderson-Greenwood and Company and against the third-party plaintiff East Tennessee Natural Gas Company. Rule 56(d), Federal Rules of Civil Procedure. As to each and every other issue discussed hereinbefore, such motion hereby is Overruled. The Court hereby Reserves for future consideration the issue: whether such third-party plaintiff may also seek indemnity under the active/passive negligence doctrine, on the theory that the third-party defendant is liable to it in tort without a showing of fault.